UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL S. MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>Defendant. | CASE NO. C12-0908JLR<br><br>ORDER DENYING MOTION FOR EAJA FEES |

Before the court is Plaintiff Michael Montgomery's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Mot. (Dkt. # 27).)  Mr. Montgomery wants the government to pay his attorney's fees for this social security appeal because, he claims, the government took a position that did not have a reasonable basis in law or fact.  (*See id.*)  The court has examined the record and the governing law and concludes that Mr. Montgomery is wrong—the government's position was substantially justified.  Accordingly, an award of attorney's fees under the EAJA is not appropriate in this case.  The court DENIES Mr. Montgomery's motion.

ORDER- 1

## I. BACKGROUND

This is a social security case. Mr. Montgomery appealed a final decision of the Social Security Administration Commissioner denying his application for Disability Insurance Benefits. (Compl. (Dkt. # 1).) The Commissioner denied Mr. Montgomery benefits following his initial application, did so again on reconsideration, then held a hearing in front of an Administrative Law Judge ("ALJ") to determine if an award of benefits was appropriate. (Administrative Record ("AR") at 16, 37-72.) At the hearing, the ALJ considered testimony and documentary evidence, including a substantial number of medical opinions—some of which the ALJ credited and others which the ALJ did not credit. (*See id.*) The ALJ ultimately decided that an award of benefits was not warranted, and Mr. Montgomery appealed that decision to this court. (*See* Compl.)

On appeal, Magistrate Judge Mary Alice Theiler recommended reversing the ALJ's decision and remanding the case for further proceedings. (Report & Recommendations ("R&R") (Dkt. # 22) at 1.) The court agreed with Magistrate Judge Theiler and adopted the R&R after a thorough review of the record. (3/11/13 Order (Dkt. # 25).) Magistrate Judge Theiler found that the ALJ made mistakes in the hearing that warranted reversal. (*See* R&R.) Specifically, Magistrate Judge Theiler found that the ALJ did not properly consider the testimony of several medical professionals. (*See id.*) The court agreed with Magistrate Judge Theiler on these points and adopted her reasoning in its entirety. (3/11/13 Order.)

First, the court found that the ALJ did not properly credit the testimony of Dr. Luci Carstens. (R&R at 6-9.) Dr. Carstens examined Mr. Montgomery and assessed his

cognitive limitations. (*Id.* at 6.) The court found that the ALJ "did not give significant weight to these cognitive limitations" and did not adequately support its decision to discredit Dr. Carstens' testimony. (*Id.* at 6-8.) Specifically, the court found that the reasons given by the ALJ for discounting Dr. Carstens' testimony were not supported by substantial evidence in the record and that, accordingly, the ALJ committed reversible error. (*Id.* at 8.)

Second, the court found that the ALJ did not properly credit the testimony of Dr. Sara Rogers, a primary care physician, and Mr. Steve Herndon, a mental health provider, both of whom treated Mr. Montgomery. (*Id.* at 12-13.) The law says that an ALJ cannot reject a treating physician's opinions without "specific and legitimate reasons" supported by substantial evidence. (*Id.* at 13 (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).) The court found that the ALJ did not provide sufficiently specific and legitimate reasons and that, accordingly, the ALJ erred in its decision to discount the testimony of Dr. Rogers and Mr. Herndon. (*Id.* at 12-13.)

After the court issued its ruling, Mr. Montgomery filed the present motion for attorney's fees under the EAJA, claiming that he is the "prevailing party" and that the government had no "substantial justification" for its position. (*See* Mot. at 1-2.)

## II. ANALYSIS

**A. "Prevailing Party" and "Substantial Justification"**

The EAJA provides that attorney's fees may be awarded to a "prevailing party" in an action involving the United States if the government's position in the action, including the underlying administrative proceedings, was not "substantially justified":

ORDER- 3

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party "prevails" for the purposes of the EAJA if the denial of its benefits is reversed and remanded, regardless of whether benefits ultimately are awarded. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).

The government's position is "substantially justified" if the position had a reasonable basis in both law and fact—in other words, if a reasonable person could think it is correct. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The question of substantial justification is one that lies within the discretion of the trial court. *Pierce*, 487 U.S. at 562. The government's position does not need to be justified "to a high degree," it just needs to be "justified in substance or in the main." *Id.* at 565. "In evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of the circumstances present before and during litigation." *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir. 1987). The government's position cannot be substantially justified if it was based on violations of the Constitution, federal statute, or the agency's own regulations. *Sampson*, 103 F.3d at 921 (citing *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996)). However, the government's position is not automatically unjustified just because the

government does not prevail on appeal, nor does the failure to prevail give rise to a presumption that the position was not substantially justified. *Pierce*, 487 U.S. at 569; *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Furthermore, the government has the burden of proving substantial justification. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 2443 (2011).

**B.    The Government Has Demonstrated That Its Position Was Substantially Justified**

The only issue the parties contest in this motion is whether the government's position in this litigation was substantially justified. As explained below, the court concludes that it was, having examined the record of both the underlying government conduct at issue and the totality of the circumstances present before and during litigation. *See Bowen*, 825 F.2d at 1330. Specifically, the court rules that the government has carried its burden of demonstrating that its position has a reasonable basis in both law and fact and that a reasonable person could think it is correct. *See Hardisty*, 592 F.3d at 1076 n.2; *Pierce*, 487 U.S. at 566 n.2; *Sampson*, 103 F.3d at 921.

First, with respect to Dr. Carstens' medical opinion, a reasonable person could have agreed with the government's position. The error with respect to Dr. Carstens' opinion was that the ALJ did not give good enough reasons to discredit Dr. Carstens' testimony. (*See* R&R at 6-9.) The court found that this error warranted reversal. (*See* 3/11/13 Order.) However, it is not as though the ALJ gave no reasons at all for discounting Dr. Carstens' testimony. To the contrary, the ALJ gave several reasons,

noting that Dr. Carstens' testimony was "not entirely consistent" with other findings, was "not persuasive," was "based largely on the claimant's subjective reports," and was "not consistent with the record or well supported." (R&R at 6-7.) The court found that not all of these reasons were supported by substantial evidence (*See id.* at 6-9; 3/11/13 Order.), but this was not an open and shut decision. It was a much closer call than Mr. Montgomery makes it out to be. (*See generally* Mot.) The court concludes that based on the evidence in the record and looking at the totality of the circumstances, a reasonable person could have taken the position that substantial evidence supported some or all of the ALJ's reasons. *See Bowen*, 825 F.2d at 1330. Every case has a winner and a loser— but it would be wrong to assume this automatically means the losing side's position was not substantially justified. *Pierce*, 487 U.S. at 569; *Al-Harbi*, 284 F.3d 1080 at 1085.

The government further justified its position by advancing a harmless error argument. (*See, e.g.*, Responsive Br. (Dkt. # 20) at 9.) The government argued that any error by the ALJ made no difference in the outcome of the case. (*See, e.g., id.*) Again, the court ruled against the government on this argument, but it was a close question. A reasonable person could have found that the error was harmless. *See Pierce*, 487 U.S. at 566 n.2; *Sampson*, 103 F.3d at 921. Accordingly, the government's position with respect to Dr. Carstens was substantially justified even though the court ultimately did not agree with it. *Pierce*, 487 U.S. at 569; *Al-Harbi*, 284 F.3d 1080 at 1085. The government's position does not need to be justified "to a high degree." *Pierce*, 487 U.S. at 565.

The court reaches the same conclusion with respect to the testimony of Dr. Rogers and Mr. Herndon. The court found that the ALJ did not provide sufficiently specific and

legitimate reasons for discounting the testimony of Dr. Rogers and Mr. Herndon. (*Id.* at 12-13.) Again though, it is not as though the ALJ provided no reasons whatsoever. The ALJ cited specific testimony in support of the decision (*see* R&R at 12-13) and, although the court ultimately ruled that these reasons were not specific and legitimate enough, the government's position nevertheless had a reasonable basis in law and fact. *See Pierce*, 487 U.S. at 566 n.2; *Sampson*, 103 F.3d at 921. That is, a reasonable person could have found it to be correct. Accordingly, and having reviewed the record, the court finds that the government has carried its burden to show that its position in this case and on appeal was substantially justified. *See Hardisty*, 592 F.3d at 1076 n.2.

This case does not resemble cases where the government was found not to be substantially justified in its position. For example, it is different from the *Sampson* case cited above. 103 F.3d 918. In *Sampson*, the Commissioner "completely disregarded substantial evidence . . . even though there was no contradictory evidence." *Id.* at 921. That did not happen here. Here, there were plainly two reasonable sides to the issues decided by the ALJ. Thus, unlike in *Sampson*, the government was substantially justified in denying Mr. Montgomery's initial application and in defending the ALJ's conclusions on appeal. *See id.* at 921-22. Likewise, this case is different from the *Barry* case cited above, where the government took three legal positions that cut against "well established" precedent, were "plainly false," and "rested on patently unreasonable readings of the law." 825 F.2d at 1331. The government took no such positions in this case. Instead, the government merely argued that the evidence supported its position

within an established legal framework.  The court ultimately disagreed, but the government's arguments were not "plainly false" or "patently unreasonable."  *See id.*

Nor is this case controlled by *Thangaraja*, 428 F.3d 870.  In that case, the court found that the government's position was not substantially justified because many of the government's positions were "entirely unsupported by the record."  *Id.* at 875.  The court focused on Ninth Circuit precedent indicating that it would be only a "'decidedly unusual case in which there is a substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'"  *Id.* at 874 (citing *Al-Harbi*, 284 F.3d at 1085).  Here, the court has not found that any of the government's positions were "entirely unsupported by the record," *see id.* at 875, nor is the court vacating the ALJ's decision on all points.  Instead, the court has simply reversed the ALJ on certain findings and asked for the ALJ to support those findings with specific and legitimate reasons.  (*See* R&R at 6-9, 12-13.)

Instead, this case is more like *Al-Harbi*, the case cited in *Thangaraja*.  284 F.3d 1080.  There, the Ninth Circuit found that the government's position was substantially justified even as the court vacated certain findings below as not being supported by substantial evidence.  *See id.* at 1085.  The Ninth Circuit focused on the fact that "'the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line items.'"  *Id.* at 1084-85 (citing *United States v. Rubin*, 97 F.3d 373, 375 (9th Cir. 1996)).  Thus, the Ninth Circuit found substantial justification given that it "upheld the government's central positions" and that "the government's litigation position . . . was sufficiently justified on the record . . . as to preclude ready rejection."  *Id.* at 1085.  The

ORDER- 8

court concluded that Ninth Circuit precedent required it to "hold the government's litigation position as a whole substantially justified, albeit not ultimately adequate to sustain the agency's decision." *Id.* This is the same situation the court is faced with here. As explained above, the government's litigation position as a whole was substantially justified and precludes ready rejection. *See id.* This case resembles *Al-Harbi* in that the court did not reject the government's position as a whole, but only certain narrow aspects of it. (*See generally* R&R.) The court upheld most of the ALJ's findings. (*See id.*) The court has reviewed the record and the government's positions as an "inclusive whole" and, having done so, concludes that the government's positions were substantially justified. *See id.*; *see also United States v. Rubin*, 97 F.3d 373 (9th Cir. 1996).

      Mr. Montgomery's arguments to the contrary do not persuade to the court. In his briefing, Mr. Montgomery does not address this case in any detail, instead simply reciting formulaic arguments and presenting stock language stating that he is entitled to fees. (*See* Mot.; *see also* Reply (Dkt. # 29).) This does nothing to change the fact that the government has carried its burden to show fees are not warranted under the EAJA.

//

//

//

//

//

//

//

ORDER- 9

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Montgomery's motion for attorney's fees pursuant to the EAJA (Dkt. # 27).

Dated this 26th day of June, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 10